La Plata Tobacco Company, Appellant, v. The Registrar of Property, Respondent.

Appeal from a Decision of the Registrar of Property of Caguas.

No. 164.—Decided January 15, 1914.

Conjugal Partnership Property—Presumption—Rescission of Contract of Sale—Delivery of Consideration.—Property acquired by a married person by the rescission of a contract of sale executed while he was a widower is presumed to be conjugal partnership property if the registry does not show that the consideration for the rescission was delivered before he married the second time.

RECORD OF TITLE—DOCUMENTS PRESENTED IN THE REGISTRY—REGISTRAR NOT RE-
QUIRED TO CONSULT DOCUMENTS ON FILE IN REGISTRY.—The registrar is
only required to consider the documents presented to him for record, those
accompanying the same and what may appear in the books of the registry
regarding the property referred to in the deed presented for record. He
is not required to consult other documents on file in his office.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

Mr. Rafael Arce, the substitute registrar, filed a brief *pro se*.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a deed of partition of the estate of Josefa Polo Jiménez there was allotted to her widower, Ignacio Berríos Carrasquillo, in part payment of his inheritance, an undivided third interest in a certain property, and this deed was recorded in his name in the registry of property. Subsequently, by a public deed dated April 17, 1911, while still a widower, he sold the said property to Antonio E. Grillo y Santiago for a sum which he acknowledged having received, and this deed was also recorded in the registry. By another deed dated December 19, 1912, the said Grillo and his wife and Ignacio Berríos Carrasquillo, who had married again, rescinded the aforesaid sale, the purchase price having been returned, receipt of which was acknowledged by the spouses Grillo-Alvarez. The date of the return of the money is not shown in the record.

After the foregoing acts, Ignacio Berríos Carrasquillo sold the said interest by a deed of sale dated November 13, 1913, to La Plata Tobacco Company, which deed the registrar refused to record in the following decision from which the present appeal was taken:

"The admission to record of the foregoing document is refused because as it appears from the registry that the vendor, Ignacio Berríos Carrasquillo, acquired the interest in the property which he conveyed while married to Manuela Carambot y Torrens, said interest *should be regarded as belonging to the conjugal partnership* in accordance with section 1322 of the Civil Code now in force. Notwith-

standing this, the sale .to which the said document refers is made without the *express consent* of said Manuela Carambot and is a *void contract* according to section 1328 of said code; and although there is an accompanying certificate containing an affidavit subscribed and sworn to by Antonio Grillo on April 17, 1911, rescinding a sale, this document *is ambiguous and insufficient* to prove that the said interest forms a part of the private property of the vendor, Ignacio Berríos Carrasquillo. In lieu of the said record a cautionary notice is entered, for the legal period of 120 days, in favor of the purchasing corporation, on folio 61, over, of volume 36 of this city, property No. 1161, sextuple, entry letter F. Caguas, P. R., November 21, 1913. Rafael Arce, Acting Registrar.''

Together with the said deed there was presented to the registrar a certificate reading as follows:

''I, Enrique Hernández, Justice of the Peace of Caguas, P. R., certify that in volume 2 of affidavits under my charge there appears one, a literal copy of which is as follows: 'No. 633. Subscribed and sworn to before me by Antonio E. Grillo and wife, Isabel Alvarez Arias, both of age and property owners of this vicinity whom I personally know. It relates to the rescission of a deed of bargain and sale to a property situated in the ward of Bairoa of this district, which sale was made by Ignacio Berríos Carrasquillo and was of an undivided third interest in two properties containing 123 *cuerdas* and 15 *cuerdas* respectively, the said Grillo receiving the sum of $1,595 for said rescission. Caguas, April 17, 1911. (Signed) José Molina, Justice of the Peace. (Stamp of the Justice of the Peace of Caguas, P. R.)' And at the request of Attorney Andrés Mena Latorre I issue and attest this document in Caguas on November 19, 1913. Enrique Hernández, Justice of the Peace of Caguas, P. R. (Three canceled internal-revenue stamps.) The foregoing document is entered under letter' F, property No. 1161, sextuple, folio 61, over, of volume 36 of this city. Caguas, November 21, 1913. Rafael Arce. Acting Registrar.''

As the deed of rescission was executed on November 13, 1913, after Ignacio Berríos Carrasquillo had married again, and was recorded without showing the date on which the money was returned to the spouses Grillo-Alvarez, the property is presumably conjugal partnership property, therefore

the question to be decided is whether the affidavit transcribed is sufficient, if the said presumption is destroyed, to authorize the said Berríos to convey the property without the consent of his second wife, and also whether in passing upon the deed which the registrar refused to record the registrar should consult and take into consideration documents on file in his office in order to have knowledge that the money returned to the spouses Grillo-Alvarez by reason of the deed of rescission was delivered to them by the said Berríos on April 17, 1911, on which date he was still a widower.

Regarding the first of these points, we agree with the registrar whose decision has been appealed from, that the affidavit is ambiguous and insufficient to prove that the interest sold by the said Berríos is his private property, for although the justice of the peace certifies that according to the registry of affidavits under his charge Antonio E. Grillo and his wife, Isabel Alvarez Arias, swore on April 17, 1911, that they had received $1,595 as a consideration for the rescission of the sale made to them by Ignacio Berríos Carrasquillo of an undivided third share in two properties composed of 123 and 15 *cuerdas* respectively in the ward of Bairoa of Caguas, such statements are not sufficient of themselves to justify the conclusion that reference is made to the property of 123 *cuerdas* which the registrar has refused to record and not to some other property of that area situated in that ward, inasmuch as it does not contain a description of the property or any data by which it can be identified.

The other point, *i. e.,* that the registrar should consult certain documents on file in his office, such as the complaint which originated a cautionary notice, as by so doing he would have knowledge of the affidavit therein copied, and the deed of rescission in which it was stated that the money was delivered on April 17, 1911, when Ignacio Berríos Carrasquillo was a widower, is untenable, for the registrar is not required to consult such documents but only the deed presented, the documents accompanying the same and what

may appear on his books of record regarding the property
referred to in the deed presented for record, as decided by
this court in the case of *Estate of Ramírez* v. *The Registrar
of Property,* 16 P. R. R., 297.

In view of the foregoing and as, according to the regis-
try, Ignacio Berríos Carrasquillo acquired said property
from the spouses Grillo-Alvarez by a deed in which it ap-
pears that he was married, and as it is not shown in the
record that the consideration for the rescission was delivered
by him while he was still a widower, the respondent regis-
trar proceeded correctly in refusing to record the deed made
by said Berríos to the said interest while married without
the consent of his wife, the document accompanying the deed
of sale being insufficient on account of its ambiguity to de-
stroy the presumption arising in the registry that the inter-
est sold was conjugal partnership property.

The decision of the registrar should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro
concurred.